### ROSCOE v. FESSLER.
### No. 8649.

Court of Civil Appeals of Texas. San Antonio.
Oct. 21, 1931.

Rehearing Denied Nov. 18, 1931.

Sidney P. Chandler, of Corpus Christi, for appellant.

Kleberg & Eckhardt and T. S. Cyrus, all of Corpus Christi, for appellee.

FLY, C. J.

This is a suit instituted by appellee against appellant for labor and material furnished on houses of appellant. The cause was tried without a jury, and judgment was rendered in favor of appellee for $618.36.

We find that the facts sustain the findings of the court, which are as follows:

"(1) That on or about June, 1928, defendant employed plaintiff to superintend the painting, papering and decorating of three houses then under construction by the defendant in the city of Corpus Christi, on a 'cost plus basis.'

"(2) That plaintiff and defendant understood 'cost plus basis' to mean that plaintiff would be paid wages for the work done by him and in addition thereto would be paid (10%) ten per cent. of the cost of labor and materials going into such work.

"(3) That defendant had the right to discharge plaintiff at any time.

"(4) That no estimate was made by either plaintiff or defendant of the probable cost of such work.

"(5) That the plaintiff worked two hundred ten and one-half (210½) hours in such employment and that his usual rate of pay was $1.25 per hour; that he received $140.24 toward same and that $122.76 thereof has not yet been paid by defendant to the plaintiff.

"(6) That plaintiff furnished materials going into such work to the extent and cost of $87.33, and additional materials going into such work bought by plaintiff from The Seidlitz Company, of San Antonio, at a cost of $214.11 and that plaintiff has not been repaid the cost of such materials.

"(7) That on or about August 9th, 1928, plaintiff left Corpus Christi, going to San Antonio to complete some work left there by him unfinished and that shortly after he left defendant employed one Clements to complete the work of painting, papering and decorating such houses; that plaintiff did not abandon such work, but departed from same

temporarily and was ready, able and willing and planning to complete same; that two or three days after leaving Corpus Christi plaintiff learned that said Clements had been employed to complete such work and thereupon plaintiff did not return to Corpus Christi further in connection with such work; that defendant made no request of plaintiff to return and complete such work.

"(8) That the cost of labor and materials at the time that plaintiff left Corpus Christi was $1941.69 and that (10%) ten per cent. of such amount is $194.16, which amount has not been paid by defendant to plaintiff.

"(9) That the actual cost of the painting, papering and decorating including the labor and materials not yet paid by defendant to plaintiff, as hereinabove found, is about $400.00 in excess of the plaintiff's estimate of the reasonable cost of such work.

"(10) I cannot find by the evidence that such increase in the cost of such work was due to the fault of plaintiff."

Appellant in his testimony practically sustains the facts found by the court on most of the salient points.

Appellee set out the facts in his pleadings, and alleged that he was compelled to leave temporarily, and that appellant employed some one else in his place. The contract was by the hour and not by the job, and appellee was entitled to pay for labor performed and material furnished by him. The findings of fact dispose of all issues in the case.

The judgment is affirmed.